# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 29, 2024

Lyle W. Cayce
Clerk

No. 24-30182
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Todd Eric Tripp,

*Defendant—Appellant*.

———————————————

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:23-CR-41-1

———————————————

Before Davis, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Todd Eric Tripp appeals his 234-month imprisonment sentence imposed following his guilty-plea conviction for receiving child pornography. Challenging both the procedural and substantive reasonableness of his sentence, *see Gall v. United States*, 552 U.S. 38, 51 (2007), Tripp argues: (1) the district court failed to adequately provide its reasons for the 54-month

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-30182

upward variance from the Sentencing Guidelines' recommended range of 180-188 months of imprisonment, and (2) the upward variance was unreasonable since it was based solely on the district court's determination that he lacked remorse, a finding he contends is unsupported by the record.

Because Tripp failed to object to the district court's explanation of its sentence, his challenge to the sentence's procedural reasonableness is reviewed for plain error, wherein he must establish that the district court's procedural error was both clear or obvious and affected his substantial rights. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). The sentencing record shows that the district court, relying not only on Tripp's lack of remorse but also his history of repeated sexual conduct with minors and citing specific factors under 18 U.S.C. § 3553(a), gave sufficient reasons for the variance. *Id.* at 360; *see also Rita v. United States*, 551 U.S. 338, 356 (2007). Tripp has shown no procedural error, plain or otherwise, with his sentence.

Furthermore, the district court's conclusion that Tripp lacked remorse is supported by the record, and the court properly relied on his lack of remorse and criminal history, among other factors. *See United States v. Douglas*, 569 F.3d 523, 527 (5th Cir. 2009); *see also United States v. Smith*, 440 F.3d 704, 708-09 (5th Cir. 2006). The district court's choice of an above-guidelines sentence was not an abuse of discretion. *See United States v. Broussard*, 669 F.3d 537, 551 (5th Cir. 2012).

The judgment is AFFIRMED.

2